PEOPLE v COWELL

1. CRIMINAL LAW—EVIDENCE—CONFLICTING STATEMENTS—CONSCIOUSNESS OF GUILT—ADMISSIBILITY.

   Conflicting statements made out of court by an accused charged with a homicide explaining how a fatal injury occured tend to show a consciousness of guilt and are admissible as admissions.

2. INDICTMENT AND INFORMATION—WITNESSES—RES GESTAE WITNESSES—INDORSEMENT.

   Indorsement of a res gestae witness who has not been indorsed but whose identity is known to defendant and his counsel well before the trial must be sought by the defendant within a reasonable time after his existence is discovered, and when it was not, a motion to "quash" because the prosecution had a duty to call the witness was properly denied.

3. CRIMINAL LAW—PROSECUTOR'S ARGUMENT—DISCRETION.

   A trial court has the power to prevent counsel from indulging in abstract discussions of the law during closing argument, but counsel may state the law applicable to the facts, and when counsel's statements of the law are correct, the decision on how far they will be allowed to go must rest in the sound discretion of the trial court.

4. CRIMINAL LAW—PROSECUTOR'S ARGUMENT—RELATIONSHIP TO EVIDENCE.

   The question of the propriety of a prosecutor's remarks in closing argument is dependent upon all the facts of the case; a statement cannot be taken out of context and the prosecutor's

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide § 337.

[2] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.

[3–6] 53 Am Jur, Trial § 460.

[7] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 4, 8.

Constitutionality, construction, and application of statutory provision against use in evidence in any other case of records or evidence in juvenile court proceedings, 147 ALR 443.

remarks must be evaluated in light of the relationship or lack of relationship they bear to the evidence admitted at trial.

5. Criminal Law—Prosecutor's Argument—Showing of Guilt.

The prosecutor is free to argue that the evidence shows that the defendant is guilty and the question is not whether the jury would conclude that the prosecutor believes that the defendant is guilty, a conclusion they would reach in any event, but rather, whether the prosecutor has attempted to vouch for the defendant's guilt; the prosecutor may not attempt to place the prestige of his office or that of the police behind a contention that the defendant is guilty, but he may argue that the evidence shows that the defendant is guilty.

6. Criminal Law—Prosecutor's Argument.

A prosecutor must avoid inflaming the prejudices of a jury, but there is no requirement that he phrase his argument in the blandest of all possible terms, because a prosecutor is an advocate and he has not only the right but the duty to argue the people's case vigorously.

7. Criminal Law—Sentence—Juvenile Record.

It is improper for the trial court to consider a defendant's juvenile record for purposes of sentencing and when the trial record discloses that this has been done remand for resentencing is ordered.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 December 7, 1972, at Lansing. (Docket No. 11653.) Decided February 20, 1973.

Joseph L. Cowell was convicted of manslaughter. Defendant appeals. Affirmed and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Martin F. Palus,* Assistant Prosecuting Attorney, for the people.

*Larry R. Farmer,* Assistant State Appellate Defender, for defendant.

Before: BRONSON, P. J., and R. B. BURNS and
DANHOF, JJ.

DANHOF, J. The defendant was convicted of man-
slaughter. MCLA 750.321; MSA 28.553. He now
appeals and we affirm.

The defendant took the stand and testified that
on July 29, 1970, he was caring for the five-month-
old daughter of his fiancée. He stated that the
baby was crying and that in an attempt to get the
child to stop he began to bounce her on the bed.
According to the defendant the motion of the baby
as it bounced on the bed was like that of a "super
ball" and the baby unexpectedly bounced off the
bed and hit the floor. The child was taken to a
hospital where she was pronounced dead.

A witness who had been present in a next-door
apartment testified that he heard a baby crying
and a voice saying "shut up". He then heard a
noise that sounded like slapping. Another witness
testified that he heard crying and a voice saying
"stop crying". He also heard a noise that sounded
like something being moved or being thrown
around. Several witnesses testified regarding ex-
culpatory statements made by the defendant
which were inconsistent with each other and with
his testimony at trial.

It is contended that the trial court erred in
allowing two witnesses to testify regarding state-
ments made by the defendant. One witness testi-
fied that the defendant stated, that while he was
in the bathroom the baby fell off the bed. The
other witness testified that the defendant stated,
that he had fallen asleep in a rocking chair with
the baby on his lap and that the baby had fallen to
the floor.

These conflicting statements tend to show a
consciousness of guilt and are admissible as admis-
sions. *People v Minchella,* 218 Mich 517 (1922).
*People v Arnold,* 43 Mich 303 (1880). See also 2

Wigmore, Evidence (3d ed) § 278, p 120; Mc-Cormick, Evidence, § 144, p 310; 29 Am Jur 2d, Evidence, § 611, p 665. In 22A CJS, Criminal Law, § 738, pp 1094–1095, the rule is stated as follows:

"Self-serving statements made by or for accused out of court, explaining suspicious circumstances, may be proved against him, and their falsity may then be shown. The fact of their falsity admits them as indicating an attempt to explain away incriminating circumstances by falsehoods. Where accused testifies, his self-serving statements contradicting his testimony, may be shown. It may be shown also that accused made two or more conflicting statements out of court in reference to an incriminating fact; and this right is not affected by the fact that accused does not become a witness. Inconsistent statements relevant to the crime charged are not limited to use for impeachment purposes; they have substantive effect as tending to show a consciousness of guilt."

The prosecutor did not indorse on the information the name of the doctor who pronounced the baby dead and signed the death certificate. When the prosecution was about to rest the defendant made a motion to "quash" on the ground that the doctor was a res gestae witness who the prosecution had a duty to call. The trial court denied the motion and the defendant now assigns this ruling as error. A review of the record convinces us that the doctor's testimony would merely be cumulative. Furthermore, the identity of the doctor was known to the defendant and his counsel well before the trial, and no attempt was made to seek his indorsement. When a res gestae witness has not been indorsed his indorsement must be sought within a reasonable time after his existence is discovered. *People v Jones,* 38 Mich App 512 (1972).

The defendant raises several allegations regard-

ing alleged prosecutorial misconduct. The defendant argues that reversible error was committed when the trial court allowed the prosecutor to explain the law in his closing argument, even though no objection was made. There are several flaws in this argument. The defendant does not contend that the prosecutor's statements regarding the law were incorrect, nor does he demonstrate just how they could have prejudiced him. A trial court has the power to prevent counsel from indulging in abstract discussions of the law. On the other hand counsel may state the law applicable to the facts. The line between the two things is of necessity a vague one, and when counsel's statements of the law are correct the decision on how far he will be allowed to go must rest in the sound discretion of the trial court.

The defendant contends that the prosecutor's closing argument was improper in a number of respects. He contends that the prosecutor improperly expressed an opinion on the question of guilt and misstated what had been testified to. An examination of the record reveals that these contentions lack merit.

The question of the propriety of a prosecutor's remarks is dependent upon all the facts of the case. A statement cannot be taken out of context. Just as jury instructions must be read as a whole, so must the remarks of the prosecutor. The prosecutor's remarks must be evaluated in light of the relationship or lack of relationship they bear to the evidence admitted at trial. The fact that a statement has been reversible error in one case does not automatically mean that a similar remark is reversible error in another case. Each case must be considered on its own facts. For example, a remark found to constitute reversible error be-

cause it was not supported by the evidence would not be reversible error in a case where it was supported by the evidence.

The argument that the prosecutor improperly expressed an opinion on the question of guilt is frequently urged on appeal. We emphasize that this question does not turn on whether or not any magic words are used. If the prosecutor says "I believe" rather than "the evidence shows", this in and of itself does not constitute reversible error. The prosecutor is free to argue that the evidence shows that the defendant is guilty. The question is not whether the jury would conclude that the prosecutor believes that the defendant is guilty, a conclusion they would reach in any event, but rather, whether the prosecutor has attempted to vouch for the defendant's guilt. The prosecutor may not attempt to place the prestige of his office, or that of the police, behind a contention that the defendant is guilty, but he may argue that the evidence shows that the defendant is guilty.

The defendant takes particular exception to the prosecutor's argument that he, the defendant, was lying and to the prosecutor's argument that he treated the child as a thing, a super ball, or a rag doll. The record shows that the prosecutor did indeed argue quite vigorously that the defendant was lying, and, based on the evidence, he suggested several excellent reasons for so concluding. The record also shows that the prosecutor did argue that the defendant treated the child as a thing, a super ball, or a rag doll. Under the prosecutor's theory of the case this was exactly what he had to prove. The remarks were both related to and supported by the evidence. Of course, a prosecutor must avoid inflaming the prejudices of a jury, but there is no requirement that he phrase his argument in the blandest of all

possible terms. The prosecutor is, after all, an advocate and he has not only the right but the duty to vigorously argue the people's case. We find no reversible error.

The defendant contends that the trial court erred in denying his request for instructions on lesser included offenses. This request was not made until after the conclusion of the jury instructions and no specific lesser included offenses were named. In addition to this, the defendant's theory of the case was that the death was accidental and the fact that the defendant caused the death was conceded. On these facts, if the defendant was guilty he was guilty of a homicide and an instruction on lesser included offenses was unnecessary. *People v Carabell,* 11 Mich App 519 (1968).

The defendant's final contention is that the trial court erred in considering his juvenile record for purposes of sentencing. It has been held that this is improper. *People v McFarlin,* 41 Mich App 116 (1972). Other panels of this Court have rejected the *McFarlin* view. *People v Pence,* 42 Mich App 215 (1972); *People v Luster,* 44 Mich App 38 (1972); *People v Beard,* 44 Mich App 399 (1973). The author of this opinion believes that *McFarlin* was wrongly decided and continues to adhere to the views expressed in his dissenting opinion in *People v Wilson,* 43 Mich App 459 (1972). However, since two members of this panel are in accord with *McFarlin* the sentence must be set aside.

The conviction is affirmed and the case is remanded for resentencing.