### PEOPLE v YEARRELL

Docket No. 45059. Submitted September 3, 1980, at Detroit.—Decided October 24, 1980.

Defendant, David L. Yearrell, was convicted in Detroit Recorder's Court of armed robbery and sentenced to 7-1/2 to 10 years imprisonment, Craig S. Strong, J. Defendant appeals, raising several issues. *Held:*

1. Defendant's contention that the trial court erred in denying defendant's motion to suppress evidence of certain prior convictions is baseless. None of the prior convictions were for armed robbery, and each of the larcenous offenses reflected defendant's character. The trial court exercised its discretion in ruling on the motion. There was no abuse of discretion.

2. Defendant's contention that the examining magistrate erred by amending the charge is also groundless. The amendment was made during the preliminary examination as a result of evidence adduced during the testimony. Defendant's right to a preliminary examination on the added charge has not been jeopardized. There was no error.

3. Defendant's claim that there was insufficient evidence to bind defendant over for trial is likewise without merit. There was evidence presented that the defendant accompanied the principal throughout the commission of the armed robbery and that the defendant drove the car away from the scene. The magistrate acted properly in binding the defendant over for trial.

4. The prosecutor's closing remarks do not warrant reversal. As long as the prosecutor's argument is based upon the evi-

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 320.

67 Am Jur 2d, Robbery § 56.

[2] 21 Am Jur 2d, Criminal Law § 451.

[3] 75 Am Jur 2d, Trial §§ 260, 261.

Propriety and prejudicial effect of prosecutor's argument to jury indicating his belief or knowledge as to guilt of accused—Modern cases. 88 ALR3d 449.

[4] 21 Am Jur 2d, Criminal Law § 592.

[5] 21 Am Jur 2d, Criminal Law § 534.

dence and does not call upon the jury to decide the case upon the prestige of the prosecutor's office, the words "I believe" or "I want you to convict" are not improper.

5. A sentence of 7-1/2 to 10 years imprisonment violates the indeterminate sentence act. The indeterminate sentence act as interpreted and applied by the Supreme Court in precedent cases provides that a minimum sentence which exceeds two-thirds of the maximum sentence is improper unless statutes prescribe a mandatory minimum sentence. There is some confusion in this case whether the sentence imposed was 7-1/2 to 10 years or 7-1/2 to 15 years. This confusion requires a remand to clarify the sentence. If the sentence imposed was 7-1/2 to 15 years, it is affirmed. However, if it was 7-1/2 to 10 years, the sentence will be modified to 6-1/2 to 10 years. If the court is unsure, the sentence shall be vacated and the defendant shall be resentenced.

Affirmed and remanded.

N. J. KAUFMAN, J., dissented. He would affirm but modify the defendant's sentence to 80 months to 10 years to bring it into compliance with the indeterminate sentence act as interpreted and applied by the Supreme Court in precedent cases and hold that confusion in the sentencing below should not inure to the detriment of the defendant.

## OPINION OF THE COURT

1. ROBBERY — EVIDENCE — PRIOR CONVICTIONS — MOTION TO SUPPRESS.

There was no abuse of discretion in the denial by a trial court of a motion to suppress evidence of prior convictions in an armed robbery prosecution where none of the prior convictions were for armed robbery and the prior convictions tended to reflect the defendant's character.

2. CRIMINAL LAW — PRETRIAL PROCEDURE — PRELIMINARY EXAMINATION — AMENDMENT OF CHARGE.

An examining magistrate may amend a charge against a defendant during the preliminary examination where the amendment is made as a result of evidence adduced during the giving of testimony and the defendant's right to a preliminary examination on the added charge is not jeopardized.

3. CRIMINAL LAW — TRIAL — CLOSING ARGUMENT TO JURY.

A prosecutor's closing remarks which include the words "I believe" or "I want you to convict" are not improper so long as his argument is based upon the evidence and does not call upon

the jury to decide the case based upon the prestige of the prosecutor's office.

4. CRIMINAL LAW — INDETERMINATE SENTENCE ACT — STATUTES.

A sentence of 7-1/2 to 10 years imprisonment violates the indeterminate sentence act; the act, as construed in Supreme Court precedent cases, requires that, except in cases of mandatory life imprisonment or a statutorily prescribed minimum sentence, a minimum sentence cannot exceed 2/3 of the maximum sentence (MCL 769.8; MSA 28.1080).

DISSENT BY N. J. KAUFMAN, J.

5. CRIMINAL LAW — SENTENCING — PREJUDICE TO DEFENDANT — INDETERMINATE SENTENCE ACT.

*Confusion in a trial transcript as to the correct sentence imposed on a defendant should not inure to the detriment of the defendant; where there is doubt as to whether the sentence was 7-1/2 to 10 years or 7-1/2 to 15 years, the lesser maximum sentence should be applied but modified to comply with the indeterminate sentence act as interpreted and applied in Supreme Court precedent cases.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Paul G. Bruno,* Assistant Prosecuting Attorney, for the people.

*Ashford, Cannon, Lumumba & Shakoor,* for defendant on appeal.

Before: BASHARA, P.J., and N. J. KAUFMAN and R. M. MAHER, JJ.

PER CURIAM. Defendant was convicted in a jury trial of armed robbery, MCL 750.529; MSA 28.797, and appeals.

Defendant first contends that the trial court erred in denying defendant's motion to suppress evidence of certain prior convictions. Our review indicates that the trial judge exercised his discretion in ruling on the motion, relying on *People v*

*Bennett,* 85 Mich App 68; 270 NW2d 709 (1978). In the instant case, none of the prior convictions were for armed robbery, and each of the larcenous offenses reflected defendant's character. There was no abuse of discretion. See also *People v Worden,* 91 Mich App 666; 284 NW2d 159 (1979).

Defendant also argues that the examining magistrate erred by amending the charge. The amendment was made during the preliminary examination. It was amended as a result of evidence adduced during the testimony. Defendant's right to a preliminary examination on the added charge has not been jeopardized. *People v Erskin,* 92 Mich App 630; 285 NW2d 396 (1979). MCL 767.76; MSA 28.1016.

The claim that there was insufficient evidence to bind defendant over for trial is likewise without merit. There was evidence presented that defendant accompanied the principal throughout the commission of the crime and that he drove the car away from the scene. The magistrate acted properly in binding defendant over for trial. *People v Palmer,* 392 Mich 370; 220 NW2d 393 (1974).

Our review of the record clearly indicates that the prosecutor's closing remarks do not warrant reversal. So long as the argument is based upon the evidence and does not call upon a jury to decide a case based upon the prestige of the prosecutor's office, the words "I believe" or "I want you to convict" are not improper. *People v Cowell,* 44 Mich App 623; 205 NW2d 600 (1973).

Defendant's final argument is that the sentence of 7-1/2 to 10 years violates the indeterminate sentence act as mandated by *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). A reading of the transcript provided to counsel and the Court indicates that defendant was in fact sentenced to 7-1/2

to 10 years rather than 6-1/2 to 10 years as required by *Tanner.*

However, the prosecutor counters that a supplemental proceeding of the defendant's sentencing had not yet been transcribed. We have now received the transcript of the "supplemental" proceeding. We are at a loss to understand how the transcription of the two hearings could be, word for word, exactly similar until the prosecutor reminds the court that the sentence should be corrected to reflect 7-1/2 to 15 years rather than 7-1/2 to 10 years, which the judge acts upon.

In view of the foregoing, we remand the matter to the trial judge. If a review of his own notes, the court file and the recollection of the parties involved convinces him that he, in fact, sentenced defendant to 7-1/2 to 15 years, then he shall so state on the record and defendant's conviction is affirmed. If, on the other hand, the court is convinced that defendant was sentenced to 7-1/2 to 10 years, his sentence shall be modified to 6-1/2 to 10 years. If the court is unsure, then the sentence shall be vacated and defendant shall be resentenced.

Defendant's conviction is affirmed. The matter is remanded for proceedings consistent with this opinion. We retain no further jurisdiction.


N. J. KAUFMAN, J. *(dissenting).* I respectfully dissent. I share the majority's incredulity at the similarities between the two sentencing transcripts. In reviewing these documents, I am also concerned that the "amended" transcript embodies proceedings which apparently occurred two hours prior to the "original" proceedings. Whatever the reasons for these anomalies, I feel that they should

not inure to the detriment of the defendant. Since the sentence of 7-1/2 to 10 years was improper under *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), I would modify defendant's sentence to 80 months to 10 years.