PEOPLE v BAIREFOOT

Docket No. 55081. Submitted January 8, 1982, at Lansing.—Decided March 24, 1982.

Paul W. Bairefoot was charged with assault with intent to commit murder and felony-firearm in the Livingston Circuit Court. He was convicted of felonious assault and felony-firearm, Paul R. Mahinske, J. Defendant appealed, alleging error because of the prosecutor's questions, comments and arguments and in the court's failure to give a requested jury instruction on the misdemeanor of careless, reckless or negligent use of a firearm as a lesser included offense. *Held:*

1. The test of whether prosecutorial misconduct requires reversal is whether the defendant was denied a fair and impartial trial. The prosecutor vouched for the character of his witnesses, questioned the victim concerning his character for peacefulness prior to his character being attacked, engaged in speculation as to what might have happened to someone else, suggested that the defense counsel was personally not a credible person, analogized to the offenses of murder and attempted murder, and argued facts not in evidence. The cumulative effect was to deny defendant a fair trial.

2. The trial court refused to instruct on the misdemeanor as a lesser included offense under the mistaken belief that the maximum penalty was one year. The evidence would have supported a conviction of careless, reckless or negligent use of a firearm, and failure to give the instruction was error.

Reversed and remanded.

References for Points in Headnotes

[1, 5] 5 Am Jur 2d, Appeal and Error § 896.
   75 Am Jur 2d, Trial § 219.
[2] 5 Am Jur 2d, Appeal and Error §§ 553, 624, 625.
   75 Am Jur 2d, Trial § 315.
[3] 75 Am Jur 2d, Trial §§ 251, 274, 305, 306.
[4] 4 Am Jur 2d, Appeal and Error § 537.
   6 Am Jur 2d, Assault and Battery § 56.
   75 Am Jur 2d, Trial §§ 615, 876.
[6] 4 Am Jur 2d, Appeal and Error § 537.
   75 Am Jur 2d, Trial §§ 615, 876.

BRONSON, J., dissented in part. He did not agree that the prosecutor's improprieties required reversal. He agreed that the court should have given the instruction on the misdemeanor. However, he would vacate the two convictions and remand the matter to the trial court for entry of a verdict of guilty of reckless discharge of a firearm and for sentencing thereon, while allowing the prosecution, at its option, to retry defendant for felonious assault and felony-firearm if it notifies the trial court before resentencing that it desires to proceed in that manner.

## OPINION OF THE COURT

1. CRIMINAL LAW — PROSECUTORIAL COMMENT — APPEAL.

    The test of whether prosecutorial misconduct requires reversal is whether the defendant was denied a fair and impartial trial.

2. CRIMINAL LAW — PROSECUTORIAL COMMENT — PRESERVING QUESTION.

    Appellate review of a prosecutor's closing argument is precluded in the absence of objection unless failure to consider the issue would result in a miscarriage of justice.

3. CRIMINAL LAW — PROSECUTORIAL COMMENT.

    A prosecutor may not vouch for the character of a witness or place the prestige of his office behind them, nor may he suggest that defense counsel is not a credible person or make arguments on issues for which no evidence was introduced.

4. ASSAULT AND BATTERY — LESSER INCLUDED OFFENSES — APPEAL.

    A trial court's failure to give a requested instruction on the lesser included offense of careless, reckless, or negligent use of a firearm because of a mistaken belief that the maximum penalty for the crime was one year requires reversal of a conviction in a trial for assault with intent to commit murder where the defendant was convicted of felonious assault and the evidence was sufficient to sustain a finding of guilty of the lesser charge.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY BRONSON, J.

5. CRIMINAL LAW — PROSECUTORIAL COMMENT — APPEAL.

    *The test of whether prosecutorial misconduct requires reversal is whether the defendant was denied a fair and impartial trial; prosecutorial conduct at trial must be reviewed in context.*

6. CRIMINAL LAW — REMEDIES — APPEAL.

    *The proper remedy on appeal where the defendant was convicted of the least severe lesser included felony offense charged and*

*felony-firearm and where the trial court improperly refused to
instruct on a lesser included misdemeanor is to reverse the
felony convictions and remand for sentencing on a verdict of
guilty of the misdemeanor and allow the prosecutor to retry
the felony charges if he notifies the trial court of his intentions
before resentencing.*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Frank R. Del Vero,*
Prosecuting Attorney, and *Mary C. Smith,* Assis-
tant Attorney General, for the people.

*Decocq, Banks & Perkins,* for defendant.

Before: M. F. CAVANAGH, P.J., and BRONSON and
BEASLEY, JJ.

PER CURIAM. Following a four-day jury trial,
defendant was convicted of possession of a firearm
during the commission of a felony, contrary to
MCL 750.227b; MSA 28.424(2), and felonious as-
sault, contrary to MCL 750.82; MSA 28.277. Defen-
dant was sentenced to two years in prison for the
felony-firearm conviction, received a suspended
sentence for the felonious assault conviction, and
now appeals of right.

Defendant's conviction resulted from a shooting
which took place at the Clock Restaurant in Ho-
well. The complainant, James Hale, charged that
the defendant rammed his car into the back end of
Hale's 1973 Pinto several times as he and two
friends were driving into Howell at approximately
1:30 a.m. on September 16, 1979. As the vehicles
approached Grand River Avenue, defendant
turned toward the Clock Restaurant and Hale and
his two friends went in the opposite direction.
Hale later decided he wanted to find out why
defendant had rammed into his car and he and his
friends went looking for the defendant. They found

defendant's car in the parking lot of the Clock Restaurant. Hale went into the restaurant while his friends waited in the car.

There is conflicting testimony as to what took place in the restaurant. Hale walked in and approached defendant, who was sitting alone in a booth. Angry words were exchanged and defendant stood up and hit Hale. Several witnesses said that the defendant pulled a handgun out of his pocket, aimed it at Hale, and fired from a distance of two to three feet. Other witnesses said the gun went off as defendant was swinging at Hale a second time, with the gun in his hand, and defendant did not aim the gun before it discharged. The bullet grazed Hale's forehead, leaving a three- to four-inch laceration. After he was shot, Hale fell to the floor. Defendant walked out of the restaurant, kicking Hale in the face as he left. Once outside, defendant was confronted by Hale's two friends. They had gotten out of their car when they saw defendant leave the restaurant. One of them held a tire iron in his hand. The police arrived before any further encounter took place. Defendant voluntarily gave himself up to the police.

On appeal, defendant makes three claims of reversible error. We find that two claims require reversal of his conviction.

Defendant first contends that the assistant prosecutor injected misstatements and prejudicial comments into the trial so as to deny defendant a fair trial. We agree. The test of prosecutorial misconduct is whether defendant was denied a fair and impartial trial. *People v Thomas,* 86 Mich App 752; 273 NW2d 548 (1978), *People v Williams,* 11 Mich App 62; 160 NW2d 599 (1968). On 11 different occasions the assistant prosecutor went beyond the scope of proper prosecutorial statement and

comment upon the evidence. We will not discuss each instance, but state the most serious errors.

We note that defense counsel did not object at trial to all of the alleged errors claimed on appeal. However, failure to object does not preclude review if failure to consider the issue would result in a miscarriage of justice. *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977).

The assistant prosecutor personally vouched for the character of two key prosecution witnesses. During closing argument he stated:

"You saw the first two that testified. If they look very assaultive or aggressive, I am sorry. They are two of the meekest, mildest people I have seen in this line of business. I don't know how they could have instilled any fear in somebody."

It is well-established that the prosecutor may not vouch for the character of a witness or place the prestige of his office behind them. *People v Yearrell,* 101 Mich App 164; 300 NW2d 483 (1980), *People v Erb,* 48 Mich App 622; 211 NW2d 51 (1973). Moreover, on direct examination the assistant prosecutor impermissibly questioned the victim concerning his character for peacefulness before his character was attacked contrary to MRE 404. Since defendant's case rested in part upon a theory of self-defense, the comments prejudiced that defense.

The assistant prosecutor unnecessarily inflamed the jury with the unsubstantiated and off-handed statement:

"I shutter *[sic]* to think what would happen if somebody came in that didn't have anything to do with that and say something to the man. He was ornery and

obnoxious and he would probably have tried to kill
them, too."

The prosecutor is not free to speculate as to what
might have happened with somebody else. The
trial court properly sustained defense counsel's
objection.

The assistant prosecutor also stated:

"Listen carefully to what Mr. Decocq [defense coun-
sel] tells you and what he promised to show you when
he started this trial. Because when an attorney argues
to you he tries to bridge a gap between you and he *[sic]*
for credibility. If you are going to buy my argument,
you have to believe that I am a credible person. I am
saying that in order to be credible you have to do and
show what you feel you can show."

This comment was impermissible because it sug-
gested that defense counsel was personally not a
credible person and therefore he had failed to
prove his case. The comment subtly implied that
defendant failed to prove his innocence and, as
such, was in error even though no objection was
made at trial.

Further, counsel stated:

"Mr. Decocq has also talked lesser included offenses.
Yes, the judge does have to give lesser included offenses
* * *. It is just like somebody being shot and murdered
and lying on the floor in front of you. And you can ask
to find him guilty of the lesser offenses of attempted
murder, he is dead.

"The law says you have to give the lesser instruction
of attempt murder. But he is dead, how can you say it
is not murder."

Defendant was not charged with murder and the
victim was not dead. A critical element of the case

concerned defendant's intent to inflict injury. The jury was required to determine whether defendant aimed the gun and fired directly at the victim or whether the gun discharged during a physical altercation between the defendant and the victim. It was essential to defendant's theory of the case that the jury be instructed on lesser included offenses. His right to a conviction commensurate with the evidence produced at trial is more than a mere formality.

The assistant prosecutor proceeded to explain why the bullet only grazed the victim's head and did not pierce his skull, if in fact defendant aimed the gun before firing from a distance of two to three feet:

"So if you ask me to explain how come it doesn't go right through his head, maybe it was a dead on center shot and the bullet didn't go through. It happens a lot in Viet Nam."

Defense counsel objected and the trial judge properly instructed the jury that whatever happened in Viet Nam was not in evidence at trial.

Finally, the prosecutor argued that there were no powder burns on the victim, indicating that the victim's injury was caused by a gun fired at short range and not a gun which discharged as it was used to strike the victim. Defense counsel objected and the trial court instructed the jury to disregard the comment because there was no evidence whatsoever on the issue of powder burns.

It is obvious that the assistant prosecutor violated the elementary rule of trial conduct that the prosecution is permitted to comment on the evidence but may not suggest to the jury that they decide the case on other than the evidence itself. *People v Farrar,* 36 Mich App 294; 193 NW2d 363

(1971). We conclude that the cumulative effect of the assistant prosecutor's remarks unduly prejudiced defendant and amounted to a denial of a fair trial. We also deem the cumulative effect of this intentional conduct sufficiently significant to overcome the fact that the evidence available to the people against this defendant was overwhelming.

Defendant contends secondly that the trial judge erroneously refused defendant's request for an instruction, as a lesser included offense, on the crime of careless, reckless, or negligent use of a firearm. MCL 752.861; MSA 28.436(21). The offense is defined as a misdemeanor not punishable by more than two years in prison. Defense counsel requested the instruction but misinformed the trial court that the offense was punishable by only one year in prison. The trial judge refused to give the instruction based on the rule of *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975).

We find, under the facts of this case, that reckless discharge of a firearm causing injury is a lesser included offense of assault with intent to commit murder. The evidence presented at trial was sufficient to permit a finding of guilt as to this offense. Therefore, the charge should have been given and failure to do so was reversible error. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971), *People v Hamilton,* 76 Mich 212; 42 NW 1131 (1889). The fact that this error was premised on a misunderstanding of the punishment for this offense shared by the prosecutor, defense counsel and the trial court neither removes the error nor renders it harmless. The jury was denied the freedom to act according to the evidence and was deprived of the option of convicting defendant consistent with his theory of the case. Moreover, defendant could not have been convicted of felony-

firearm if the jury had convicted him of the misdemeanor.

Finally, we reject defendant's claim that the trial court failed to instruct the jury on all elements of felony-firearm. The instruction given substantially informed the jury of the elements of the alleged charge in the language of the statute. The instruction adequately apprised the jury of each element without being misleading.

Reversed and remanded for a new trial.

Bronson, J. *(concurring in part and dissenting in part).* I agree with the majority that in certain respects the prosecutor's argument was improper. I specifically disagree, however, with the majority's assertion that on 11 occasions the prosecutor went beyond the scope of fair comment upon the evidence. Moreover, I disagree that any prosecutorial improprieties which occurred in this case compel reversal. In considering improper prosecutorial statements, said comments must be evaluated in light of their relationship to the evidence adduced at trial. An improper argument harmless in one case might require reversal in another. See *People v Cowell,* 44 Mich App 623, 627-628; 205 NW2d 600 (1973).

I agree with the majority that its opinion catalogs the most serious prosecutorial errors. However, as will be detailed below, I believe that none of these errors, alone or in combination, requires reversal.

The first area of impropriety concerns the prosecutor's alleged vouching for the credibility of two of his witnesses. He stated:

"You saw the first two that testified. If they look very assaultive or aggressive, I am sorry. They are two of the meekest, mildest people I have seen in this line of

business. I don't know how they could have instilled any fear in somebody."

In my opinion, this statement is far removed from the argument condemned in *People v Erb,* 48 Mich App 622, 631; 211 NW2d 51 (1973), upon which the majority relies, where the prosecutor stated that it was his duty to present the truth and that he would never call a witness on behalf of the people whom he thought might come into court and testify to a falsity under oath. Here, the prosecutor's statement is more closely akin to a statement of personal opinion which does not place the prestige of the prosecutor's office behind the remark. The prosecutor stated that two of his witnesses were meek and mild compared to others he had seen in this "line of business". We do not know what the prosecutor in *People v Yearrell,* 101 Mich App 164; 300 NW2d 483 (1980), said from the opinion in that case. We do know, however, that *Yearrell* specifically held that arguments using such words as "I believe" or "I want you to convict" are not improper. Had the prosecutor said something like, "I would not have brought this case on behalf of the people if these two witnesses weren't the meekest, mildest people I have seen in this line of business", this case would have been more like *Erb.* As the argument was made, however, I believe it is more like *Yearrell* and, to the extent that the comment may be improper, it had precious little, if any, likelihood of improperly influencing the jury.

The second comment referred to by the majority concerns the prosecutor's ruminations that defendant would have tried to kill others if they had said anything to him at the time of the crime. I agree that this remark was improper. However, the trial court sustained defendant's objections to

the same, stating, "I don't want you to speculate on what might have happened with somebody else". If this prosecutorial comment had been particularly influential on the jury, I would have expected defendant to have been found guilty of the charged offense of assault with intent to commit murder or, at least, assault with intent to commit great bodily harm less than murder, one of the charged lesser offenses.

I agree with the majority that the following statement by the prosecutor was improper because it injected the personalities and credibility of the attorneys into the case:

"Listen carefully to what Mr. Decocq tells you and what he promised to show you when he started this trial. Because when an attorney argues to you he tries to bridge a gap between you and he *[sic]* for credibility. If you are going to buy my argument, you have to believe that I am a credible person. I am saying that in order to be credible you have to do and show what you feel you can show."

I disagree, however, that the comment implied defendant was obligated to prove his innocence or that the comment was prejudicial to the defense.

The majority also finds the following comment improper:

"Mr. Decocq has also talked lesser included offenses. Yes, the judge does have to give lesser included offenses. He could give you some, like, seven or eight or nine of them. You have seven or eight possible verdicts.

"I am asking you, based upon the evidence and the necessary elements for assault with intent to murder, to find him guilty of that charge, because I think the elements have been established by the evidence presented. It is just like somebody being shot and murdered and lying on the floor in front of you. And you

can ask to find him guilty of the lesser offenses of attempted murder, he is dead.

"The law says you have to give the lesser instruction of attempt murder. But he is dead, how can you say it is not murder?"

I cannot agree with the majority's conclusion in regard to this comment. While it is true that defendant was not on trial for murder, the prosecutor was merely making an analogy to lesser included offenses in a murder trial. The prosecutor was in effect arguing that the evidence he had introduced so overwhelmingly proved defendant's guilt that a guilty verdict on any lesser charge would be like finding a defendant guilty of only attempted murder when his victim was stone cold dead. The majority's excerpting of this comment excises critical language which supports my position. The remark was a fair comment on the evidence.

As to the prosecutor's comments concerning what happened in Viet Nam and the absence of powder burns, the trial court instructed the jury not to credit these remarks since they were not based on any evidence in the case. Given defense counsel's numerous successful objections during the prosecutor's argument, I believe it likely that the jury gave his entire argument little weight. Certainly the verdict rendered suggests that the jury gave little heed to the prosecutor's comments.

Insofar as the alleged improprieties not discussed in the majority opinion are concerned, I find each instance, with two exceptions, entirely proper. One of these exceptions concerns an isolated question asked of Sharleen Dettling during direct examination. Defense counsel's objection to the question was sustained. The other exception concerns questions put to Mr. and Mrs. Michael

Flynn which were irrelevant. The questions con-
cerned the fact that the Flynns' son had just
undergone heart surgery. I do not regard the
questions as an impermissible attempt to bolster
the Flynns' credibility by appealing to the jurors'
sympathies. Indeed, the Flynns' testimony was
hardly supportive of the prosecution's case. Both
testified that defendant had not pointed the gun
directly at the victim when it went off.

The prosecutor in this case did occasionally
transgress the line between the proper and im-
proper. However, he was called down on the most
serious improprieties when the trial court sus-
tained defense objections. It is sometimes difficult
for me to understand why a prosecutor will risk a
facially good case and probably good conviction by
untempered closing comments. However, I think
what improprieties occurred here were innocuous
and did not affect the verdict. The jury refused to
convict defendant of either assault with intent to
commit murder or assault with intent to commit
great bodily harm less than murder and ulti-
mately convicted him of the least serious com-
pleted offense which the court's charge would per-
mit. In any case, it is my opinion that jurors give
far less credence to prosecutorial arguments in
general than the majority apparently believes. See
*People v Leverette,* 112 Mich App 142; 315 NW2d
876 (1982).

I agree with the majority that the jury should
have been instructed on the lesser included offense
of careless, reckless, or negligent use of a firearm.
MCL 752.861; MSA 28.436(21). My analysis of this
issue is somewhat different from the majority's,
however.

As the majority notes, defense counsel misin-
formed the trial court concerning the maximum

possible sentence for reckless discharge of a fire-
arm. Furthermore, if, as represented by counsel,
MCL 752.861; MSA 28.436(21) carried only a one-
year maximum penalty, the trial court's conclu-
sion that *People v Chamblis,* 395 Mich 408; 236
NW2d 473 (1975), would preclude instructions on
the offense would be correct. Thus, I conclude that
counsel's erroneous request puts this case into a
factual posture in which relief should be forthcom-
ing only to prevent a possible manifest injustice. I
also conclude, however, that, in this case, failure
to give defendant some relief very likely would
work such a manifest injustice. The jury found
defendant guilty of the least serious completed
substantive offense it could. There was ample evi-
dence from which the jury could conclude that no
felonious assault had occurred and that the dis-
charge of the firearm was due to mere carelessness
or recklessness. Consequently, there is good reason
to believe that a verdict of guilty of reckless
discharge of a firearm might have resulted had the
jury been so charged.

I also agree with the majority that the jury
could not have found defendant guilty of a felony-
firearm violation if it convicted him of the two-
year misdemeanor of reckless discharge of a fire-
arm. I further note, however, that this proposition
is not as self-evident as the majority opinion would
seem to imply. See *People v Reuther,* 107 Mich
App 349; 309 NW2d 256 (1981), in particular my
partial concurrence, noting that this Court is split
on whether those crimes designated as two-year
misdemeanors are to be treated as felonies in all
respects except name.

Rather than outright reversing and remanding
this matter for a new trial, however, I believe the
proper remedy is to vacate the two convictions and

to remand this matter to the trial court for entry of a verdict of guilty of reckless discharge of a firearm and for sentencing thereon. I would further allow the prosecution, at its option, to retry defendant for felonious assault and felony-firearm if it notifies the trial court before resentencing that it desires to proceed in this manner. *People v Jenkins,* 395 Mich 440, 443; 236 NW2d 503 (1975), *People v Bryan,* 92 Mich App 208, 225-226; 284 NW2d 765 (1979), *lv den* 408 Mich 914 (1980).

As to defendant's final claim of error, I am completely satisfied with the majority's resolution of this issue.

I would vacate defendant's convictions and remand for proceedings in accordance with this opinion.