PEOPLE v WILLIAMS

Docket No. 89359. Submitted May 7, 1987, at Detroit. Decided June 22, 1987.

Reggie M. Williams was convicted of two counts of armed robbery and two counts of possession of a firearm during the commission of a felony following a jury trial in Detroit Recorder's Court, Vera Massey Jones, J. Defendant, who admitted committing the offenses but raised defenses of insanity, duress and cocaine intoxication, appealed, claiming, inter alia, that he was denied a fair trial because the trial judge fined defense counsel three times for contempt during trial and while the jury was present, and because the prosecutor made improper remarks during closing argument regarding the credibility of the psychiatrist called by defendant as a witness.

The Court of Appeals *held:*

1. While it is preferable that admonition of counsel be made outside of the hearing of the jury, a trial judge does not abuse his discretion in citing an attorney or witness for contempt and assessing a fine therefor in the presence of the jury where the attorney or witness persistently continues to ignore an admonition previously given by the trial judge while the jury was excused.

2. Remarks made by the prosecutor at closing argument regarding the fact that the psychiatrist called by defendant to testify was compensated for his testimony were not improper. Testimony regarding payment to the psychiatrist was presented, providing support for the remark, and the prosecutor never directly argued that the psychiatrist lacked integrity.

3. The trial judge did not show partiality that would justify a

REFERENCES

Am Jur 2d, Contempt §§ 1 *et seq.*

Am Jur 2d, Criminal Law §§ 71 *et seq.*; 107 *et seq.*; 836 *et seq.*

Supreme Court's views as to what courtroom statements made by prosecuting attorney during criminal trial violate due process or constitute denial of fair trial. 40 L Ed 2d 886.

Power of court, in absence of statute, to order psychiatric examination of accused for purpose of determining mental condition at time of alleged offense. 17 ALR4th 1274.

Necessity or propriety of bifurcated criminal trial on issue of insanity defense. 1 ALR4th 884.

new trial when she commented on defendant's psychiatrist's testimony.

4. References to other robberies committed by defendant made by a forensic center psychiatrist in his testimony regarding defendant's forensic examination did not result in manifest injustice requiring reversal. The prosecutor interrupted the psychiatrist to prevent further testimony on the matter and the references ultimately had a bearing on the issue of defendant's sanity.

Affirmed.

1. CONTEMPT — JUDGES.

A judge has a statutory duty to control all court proceedings and he has the power to punish insolent behavior committed during the sitting of his court (MCL 600.1701, 768.29; MSA 27A.1701, 28.1052).

2. CONTEMPT — JURY TRIAL.

A trial judge does not abuse his discretion in citing an attorney or witness for contempt and assessing a fine therefor in the presence of the jury where the attorney or witness persistently continues to ignore an admonition previously given by the trial judge while the jury was excused.

3. CRIMINAL LAW — PROSECUTORIAL COMMENT — APPEAL.

The test of whether prosecutorial misconduct requires reversal is whether the defendant was denied a fair and impartial trial.

4. APPEAL — CRIMINAL LAW — PROSECUTORIAL COMMENT — PRESERVING QUESTION.

Failure to raise an objection to remarks made by a prosecutor during closing argument precludes appellate review unless the prejudicial effect of the remarks was so great as to be incapable of cure by a timely cautionary instruction.

5. CRIMINAL LAW — INSANITY — EVIDENCE.

A defendant who raises a defense of insanity must undergo an examination at the center for forensic psychiatry; a defendant's statements to an examiner are not admissible at trial on issues other than his mental illness or insanity (MCL 768.20a(2), (5); MSA 28.1043[1][2], [5]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division Research, Training· and Ap-

peals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Gail Rodwan*), for defendant on appeal.

Before: BEASLEY, P.J., and HOOD and E. E. BOR-RADAILE,* JJ.

PER CURIAM. Defendant appeals as of right from a jury trial conviction of two counts of armed robbery, MCL 750.529; MSA 28.797, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to concurrent terms of from eight to twenty-four years imprisonment for the armed robbery charges and concurrent terms of two years imprisonment for the felony-firearm charges, the sentences to be served consecutively. Though the armed robbery and felony-firearm charges arose out of two separate incidents, the charges were consolidated for trial on defendant's motion. Defendant admitted that he committed the offenses but presented defenses of insanity, duress, and cocaine intoxication.

Among other objections raised on appeal, the two primary issues involve defendant's claim that he was denied a fair trial because the trial judge fined defense counsel three times in the presence of the jury and the prosecutor made improper remarks during closing argument. We affirm the convictions.

I

The four-day trial in this case involved a great deal of challenging of the trial court's control by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the prosecutor, defense counsel and the psychiatrist called in rebuttal by the prosecutor, Dr. George Czertko. The citing of defense counsel for contempt which is complained of by the defendant occurred during the actual trial. The trial judge had declared a mistrial on the day before the actual trial started when defendant's psychiatrist, Joel Dreyer, was disqualified because he did not know the legal definition of mental illness.

Dr. Dreyer showed up late for trial on the second day of his examination, appearing at 12:30 in the afternoon. A bench warrant had been issued and Dr. Dreyer was taken into custody during the noon recess. The trial judge advised the witness to get a lawyer because there would be a show cause hearing against him due to his late appearance in court that morning. The matter was subsequently resolved and the bench warrant set aside when the witness promised to appear in court the following day if so ordered. Dr. Dreyer resumed testifying at 2:00 P.M. After completion of his testimony the prosecution called Dr. Czertko to testify in rebuttal.

During the afternoon session and at a point when the judge had become very disturbed with the refusal of Dr. Czertko to answer and the comments made by defense counsel, the jury was excused. Both lawyers and the witness were advised that they were to deal with the issues, and the judge said, "If I have to caution anybody else during the course of this trial about any of those particular things, it's going to hit you in your pocketbook." After the jury returned, the trial judge, on three occasions as to the defense counsel and on three occasions as to the psychiatrist, fined them $250 and told the jury to disregard comments made. On each of the occasions, the judge did not say that she found defense counsel and Dr.

Czertko in contempt of court, but merely assessed $250 without further comment.

Perhaps the best statement regarding a trial judge's actions in circumstances similar to those involved here is in *Bursten v United States,* 395 F2d 976, 983 (CA 5, 1968), where the appellate court said in a wilful income tax evasion case that it is preferable that admonition of counsel be made outside of the hearing of the jury, but, for such conduct to constitute grounds for reversal, it must appear that in some way the judge's conduct operated to deprive defendant of his right to a fair and impartial trial, such as to deprive him of effective assistance of counsel or adversely influence or prejudice the jury.

It is the statutory duty of a trial judge to control the proceedings and he has the power to punish insolent behavior committed during the sitting of the court. MCL 768.29; MSA 28.1052; MCL 600.1701; MSA 27A.1701; *In re Burns,* 19 Mich App 525; 173 NW2d 1 (1969). When any contempt is committed in the immediate presence and view of the court, the court may punish it summarily by fine or imprisonment or both. MCL 600.1711; MSA 27A.1711. Acts considered in the statute to be punishable as contempt include contemptuous or insolent behavior directly tending to interrupt the proceeding or impair the respect due to the court's authority and disobedience of any lawful order of a judge. In the instant case, a review of the comments which brought about the fining of both defense counsel and the prosecution witness would indicate that after the judge's warnings they continued to pursue improper conversation and showed a wilful disregard of the court's authority. *People v Matish,* 384 Mich 568; 184 NW2d 915 (1971). We find that the trial judge did not abuse her discretion in fining both defense counsel and

the psychiatrist. Defendant was not deprived of a fair trial.

In *People v Cole,* 349 Mich 175, 200; 84 NW2d 711 (1957), the Court said:

> A fair and impartial trial by jury demands, however, the display of impartiality on the part of the trial judge. This Court has never hesitated to order a new trial in the interest of justice when it thought the wide discretion of the trial judge had been abused so as to prejudice the rights of a litigant. *People v Neal,* 290 Mich 123 [287 NW 403 (1939)]; *In re Parkside Housing Project,* 290 Mich 582 [287 NW 571 (1939)]; *McDuff v Detroit Evening Journal Co,* 84 Mich 1 [47 NW 671; 22 Am St Rep 673 (1890)].
>
> In all of these aspects of the administration of justice we would do well to keep in mind Judge Learned Hand's admonition:
>
> "Justice does not depend on legal dialectics so much as upon the atmosphere of the courtroom, and that in the end depends primarily upon the judge." *Brown v Walter,* 62 F2d 798, 800 (CA 2, 1933).

In most cases it would appear wise to excuse the jury before an attorney is cited for contempt or for that matter before a witness is cited for contempt. See *In re Contempt of Peisner,* 78 Mich App 642, 643; 261 NW2d 30 (1977), where this Court stated: "Immediate punishment properly was imposed by the trial judge outside of the jury's presence." However, where counsel and witnesses persistently continue to ignore the admonition of the court, as in this case, the court is justified under the circumstances in imposing a fine and telling the jury to disregard the improper questions or comments.

We find that defendant's reliance on *United States v Kelley,* 314 F2d 461 (CA 6, 1963), and *Young v United States,* 120 US App DC 312; 346

F2d 793 (1965), is misplaced. In both of these cases there was much greater interjection by the judge into the proceedings than was present in this case.

II

Defendant, relying upon *People v Tyson,* 423 Mich 357; 377 NW2d 738 (1985), argues that his conviction should be reversed because of the comments made by the prosecutor during closing argument attacking the credibility of the defendant's psychiatrist, Dr. Dreyer. The two comments which are equated by defendant with those found in *Tyson, supra,* came during rebuttal argument in which the prosecutor stated:

> Now, I don't think you have to be a doctor or some kind of expert to realize that that's a pretty shallow way to approach something this serious, to just not even care, not even see what happens, just take the person that is telling you, the person that is paying you, take their word for everything. . . . Dr. Dreyer, who doesn't need to review anything because he's the expert, comes in and sits there and tells you everything, how it is because he's so great. Is he? Or is that just what he's paid to do, a hired gun to come in here and tell you people something.

The test of whether prosecutorial misconduct requires reversal is whether the defendant was denied a fair and impartial trial. *People v Bairefoot,* 117 Mich App 225, 228; 323 NW2d 302 (1982). However, in this case defendant failed to object at trial to all but one of the remarks with which he takes issue on appeal. Thus, appellate review of the alleged prejudicial prosecutorial remarks is precluded unless the prejudicial effect could not have been cured by a cautionary instruction and failure to consider the issue would result in a

miscarriage of justice. *People v Jansson,* 116 Mich App 674; 323 NW2d 508 (1982). The remarks of a prosecutor must be read as a whole. *People v Porterfield,* 128 Mich App 35; 339 NW2d 683 (1983), lv den 419 Mich 854 (1984); *People v Cowell,* 44 Mich App 623; 205 NW2d 600 (1973).

In this case, unlike *Tyson, supra,* there was testimony presented regarding the payment of the expert witness and, thus, there was a basis in evidence for the prosecutor's closing argument. In *Tyson, supra,* the question of defendant's expert witness being paid for his testimony was raised in closing argument without evidentiary support, and was clearly injected in an attempt to impeach defendant's claim of insanity. In the instant case, in addition to defense counsel's failure to object and the presence of evidence of Dr. Dreyer's being paid, the prosecutor never directly argued that Dr. Dreyer lacked integrity as did the prosecutor in *Tyson.*

We do not find error that would justify reversal.

III

Defendant on appeal raises other questions which do not require much comment.

The trial judge as noted above declared a mistrial the first day of trial because Dr. Dreyer apparently did not know the legal definition of insanity. During Dr. Dreyer's testimony, the trial judge commented that he "now knows the definition." We cannot find that the trial judge's comments indicated partiality that would justify a new trial under the circumstances of this case.

The defendant also challenges the testimony of Dr. Czertko, a psychiatrist employed by the Detroit Recorder's Court psychiatric unit, as to previous convictions of the defendant for criminal acts. A

defendant who raises an insanity defense, as in this case, is required by statute to undergo a forensic center examination. MCL 768.20a(2); MSA 28.1043(1)(2). However, a defendant's statements to an examiner are not admissible on issues other than his mental illness or insanity. MCL 768.20a(5); MSA 28.1043(1)(5).

In *People v Woody*, 380 Mich 332, 338; 157 NW2d 201 (1968), our Supreme Court explained:

> When the defense-called psychiatrist testified that in his opinion the defendant was legally insane, it became the burden of the people to prove his sanity, like every element of an offense, beyond a reasonable doubt. Testimony of prior arrests, convictions, assaultive and antisocial conduct, ordinarily completely inadmissible as bearing on the general guilt or innocence of the accused of the offense charged, became material and admissible as bearing on the issue of his sanity. The people were entitled to all rights of cross-examination of the defense witness and to introduce rebuttal testimony by witnesses of their own.

Dr. Czertko's references were not improper because they ultimately had a bearing on the issue of defendant's sanity. During examination by the prosecutor, the witness made an offhand passing comment regarding other robberies committed by the defendant. The prosecutor clearly interrupted the witness to prevent further testimony. This Court is satisfied that there was no manifest injustice justifying reversal of the case on this point.

Affirmed.