PEOPLE v ROSALES

Docket No. 87845. Submitted December 11, 1986, at Detroit. Decided
    May 18, 1987. Leave to appeal applied for.

Ruben Rosales was convicted of four counts of armed robbery
    following a bench trial in Monroe Circuit Court, Daniel L.
    Sullivan, J. Defendant subsequently pled guilty to being an
    habitual offender, third felony, and was sentenced to concur-
    rent prison terms of from twenty-five to seventy-five years. A
    key witness at defendant's preliminary examination and trial
    was Manuel Soto who had earlier been convicted of armed
    robbery arising out of the same robbery in which defendant
    allegedly participated. Defendant appealed.

The Court of Appeals held:

1. Soto had yet to be sentenced at the time he testified at
    defendant's preliminary examination and trial and, therefore,
    had a legitimate hope that favorable testimony on his part
    might lead to a light sentence for him. Soto's credibility was of
    essential importance since his testimony and that of defendant
    in large measure amounted to a credibility contest. Thus, in
    this case where credibility was crucial and a motivation to lie
    was apparent, it was highly improper for the prosecutor to
    refer to Soto's prior consistent statements. In addition, the
    prosecutor compounded the error by expressly vouching for
    Soto's credibility during closing arguments.

2. The prosecutor's question posed to Soto on direct examina-
    tion asking whether he was prepared to testify truthfully
    suggested that steps had been taken to insure the truthfulness
    of the testimony and was beyond the ambit of permissible
    inquiry.

3. The prosecution's burden of proving guilt beyond a reason-

REFERENCES

Am Jur 2d, Criminal Law §§ 192 et seq.

Am Jur 2d, Trial §§ 30, 31, 305, 306.

Am Jur 2d, Witnesses §§ 103, 559, 560.

Propriety and prejudicial effect of comments by counsel vouching
    for credibility of witness—state cases. 45 ALR4th 602.

Validity and construction of statute requiring defendant in criminal
    case to disclose matter as to alibi defense. 45 ALR3d 958.

able doubt was improperly shifted when the prosecutor made comments implying that defendant was somehow obligated to present evidence of an alibi to prove his innocence.

4. The cumulation of errors at trial in this case precluded a fair trial.

Reversed and remanded for a new trial.

1. CRIMINAL LAW — WITNESSES — PRIOR CONSISTENT STATEMENTS.
   Generally, neither a prosecutor nor anyone else may bolster a witness' testimony by referring to prior consistent statements of that witness.

2. CRIMINAL LAW — TRIAL — PROSECUTORIAL COMMENT.
   A prosecutor may not vouch for the credibility of his witnesses.

3. EVIDENCE — WITNESSES — PLEA BARGAINS.
   The admission into evidence of a plea-bargain agreement of a testifying accomplice which contains a promise by the accomplice to testify truthfully is not in itself erroneous and reference to it by the prosecution does not necessarily constitute prosecutorial vouching mandating reversal; rather, although such agreements should be admitted into evidence with great caution, the admission of such evidence constitutes error requiring reversal only where the prosecution uses that evidence to suggest that the government has knowledge not known to the factfinder that the accomplice is testifying truthfully.

4. CRIMINAL LAW — DEFENSES — ALIBI — BURDEN OF PROOF.
   The burden of proving the defense of alibi is not upon the defendant; it is the duty of the prosecution to show beyond a reasonable doubt that the defendant did commit the crime and that, therefore, the defendant was at the scene of the crime at the time it was committed.

5. CRIMINAL LAW — TRIAL — DUE PROCESS.
   Due process of law does not require perfect trials, but it does mandate fair ones.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William D. Frey,* Prosecuting Attorney, and *Lawrence J. VanWasshenova,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg*), for defendant on appeal.

Before: WAHLS, P.J., and R. M. MAHER and D. J. SHIPMAN,* JJ.

PER CURIAM. The issue we are confronted with in this case is whether a defendant is entitled to reversal of his conviction when the prosecutor takes advantage of a bench trial and injects several errors into the proceeding that he admittedly would not have injected into a jury trial, and the judge is silent as to those errors. We hold that although error is less likely to be harmful at a bench trial, the prosecutor's duty to promote justice and avoid error is nonetheless as imperative as it is in a jury trial.

Following a bench trial in Monroe Circuit Court, defendant, Ruben Rosales, was convicted of four counts of armed robbery, MCL 750.529; MSA 28.797. Defendant then pled guilty to a third-felony offender charge, MCL 769.11; MSA 28.1083. He was sentenced to concurrent prison terms of from twenty-five to seventy-five years for each conviction.

As a result of an armed robbery by three masked men, Manuel Soto was convicted by a jury of armed robbery. Before he was sentenced, Soto entered into an agreement with the prosecution to testify against defendant and another in exchange for dismissal of an habitual offender charge and no recommendation regarding his sentence. According to Soto, defendant was the third person involved in the robbery.

Defendant testified that he had not robbed the store. However, because defendant was not arrested until 1½ years after the robbery, he was unable to recall where he was on the day of the robbery. Evidence that tended to discredit Soto's

* Circuit judge, sitting on the Court of Appeals by assignment.

testimony included evidence that defendant had dated Soto's girlfriend while Soto was in prison, and that Soto had asked defendant to be an alibi witness for him or to find someone else to testify for him, but defendant refused. Soto also demanded $1,000 from defendant for not implicating him in the robbery.

During trial, the prosecutor made several "errors," which he states would not have been made at a jury trial. The defense attorney failed to object to the errors and the trial court made no comment on them. As stated above, defendant was found guilty. We find that due to the cumulative effect of the errors, defendant was denied a fair trial and manifest injustice resulted. Thus, we are forced to reverse and remand.

Initially, defendant argues that by referring to Soto's prior consistent testimony from the preliminary examination and by stating his belief that Soto's testimony was honest, the prosecutor improperly bolstered and vouched for the credibility of his witness. Defendant's conviction rested in large part on Soto's credibility; therefore, defendant argues that manifest injustice resulted from these errors.

During direct examination, the prosecution elicited the following testimony from Soto:

> *Q.* [By *Mr. Braunlich, prosecutor*] Mr. Soto, do you recall testifying at the preliminary examination in this matter, back in January of 1985?
> *A.* Yes.
> *Q.* Are you telling me that—and Mr. Bean [counsel for defendant] the same thing that you—same thing that you [sic] did when you testified then?
> *A.* Yes. To the best of my knowledge, yes.
> *Q.* Were you telling the truth then and are you telling the truth today?
> *A.* Yes, I am.

*Mr. Braunlich.* Thank you. I have nothing further, your Honor.

As a general rule, neither a prosecutor nor anyone else is permitted to bolster a witness' testimony by referring to prior consistent statements of that witness. As Justice BRENNAN, in *People v Hallaway,* 389 Mich 265, 276; 205 NW2d 451 (1973), commented:

> Where the prior extra-judicial statement of a witness agrees with his testimony, the out-of-court remark is self-serving and is not generally permitted under any established exception to the hearsay rule.

This case concerns a scenario similar to that discussed in *Hallaway.* In 1984, Soto was offered favorable sentencing if he implicated his companions in the crime. In January, 1985, Soto testified at the preliminary examination. As of April 15, 1985, the date he testified at defendant's trial, he had not yet been sentenced. Therefore, both at the preliminary examination and at defendant's trial Soto had a legitimate hope that favorable testimony on his part might lead to a light sentence for him. Soto's credibility clearly was of essential importance in the case. The testimony of Soto and defendant in large measure amounted to a credibility contest, the former testifying that defendant planned and participated in the robbery, and the latter testifying that he in fact had absolutely no involvement in, or knowledge of, the criminal activity. Motivation for Soto to falsify or color his testimony in order to receive leniency at sentencing manifestly existed. In such a circumstance where credibility is crucial and motivation to lie is apparent, a prosecutor's reference to the prior consistent statements of a state's witness must be

viewed with great suspicion. While we do not decide that the prosecutor's error in this matter, standing alone, would warrant reversal, we conclude that reference to Soto's prior consistent statements constitutes a serious impropriety.

In addition, we note that the prosecutor compounded the error during his closing argument when he expressly vouched for Soto's credibility. The prosecution made the following comments:

> Again, your Honor, I think my point is that Mr. Soto's testimony has been consistent, it's been very straightforward, and I believe honest. Mr. Soto even testified that he's been involved in some uncharged armed robberies. I think he was very straightforward on the stand.

It is well-established that the prosecutor may not vouch for the character of a witness. *People v Ignofo,* 315 Mich 626; 24 NW2d 514 (1946); *People v Flanagan,* 129 Mich App 786, 795; 342 NW2d 609 (1983); *People v Bairefoot,* 117 Mich App 225, 229; 323 NW2d 302 (1982); *People v Yearrell,* 101 Mich App 164; 300 NW2d 483 (1980). The mere statement alone of the prosecutor's belief in the honesty of a witness' testimony generally does not constitute error requiring reversal if, as a whole, the remarks are fair. *Flanagan, supra,* p 796. Soto's prior consistent statements were self-serving and, as already explained, improperly referenced by the prosecutor during examination of the witness. Further reliance on the statements during closing arguments, buttressed by the prosecutorial assessment of Soto's honesty, merely served to amplify the original impropriety. Thus, the assessment of Soto's testimony offered by the prosecutor during closing arguments was improper.

Defendant next argues that another error oc-

curred when the prosecutor improperly bolstered the credibility of Soto's testimony that the witness agreed to testify truthfully in return for a sentence bargain.

During the direct examination of Soto, the prosecutor elicited the following testimony:

> *Q.* [By *Mr. Braunlich*] Sir, after you were found guilty were you promised anything or given anything in consideration of your testimony here today?
>
> *A.* I was just offered a plea bargain by the Prosecutor's Office that they would not supplement me or—and they would drop the habitual criminal act and make no recommendation at the time of sentencing.
>
> *Q.* Okay, and when was this agreement reached? —before of [sic] after your trial?
>
> *A.* After.
>
> *Q.* This was after you were found guilty of four counts of armed robbery?
>
> *A.* Yes.
>
> *Q.* Okay, if I understand this—they have agreed not to proceed on the habitual criminal charges or the supplement?
>
> *A.* That's right.
>
> *Q.* And, also to make no recommendation at a— at sentencing?
>
> *A.* Yes.
>
> *Q.* And, what is required of you in return for that?
>
> *A.* That I would implicate others involved in this crime, and testify truthfully.
>
> *Q.* Are you prepared today to testify truthfully?
>
> *A.* Yes, I am.

The prosecutor does have a duty to disclose promises made to obtain an accomplice's testimony. *People v Atkins,* 397 Mich 163, 173; 243 NW2d 292 (1976). A passing reference to an agree-

ment containing a promise of truthfulness is not, without more, grounds for reversal. *People v Federico,* 146 Mich App 776, 796; 381 NW2d 819 (1985). However, an agreement by an accomplice to testify truthfully should be admitted with great caution and constitutes error if it is used by the prosecution to suggest that the government had some special knowledge, not known to the factfinder, indicating that the witness was testifying truthfully. *Id.; People v Buschard,* 109 Mich App 306, 316; 311 NW2d 759 (1981). In this case, the prosecutor's question to Soto whether he was now prepared to testify truthfully at trial suggested that steps had been taken to insure the truthfulness of the testimony. This question encompassed more than a mere reference to the existence of Soto's promise of truthfulness and in this instance extended beyond the ambit of permissible inquiry.

Defendant's next argument is that the prosecution used an improper burden-shifting argument by implying that defendant was somehow obligated to present evidence of an alibi in order to prove his innocence.

At trial, defendant insisted that the 1½ year length of time between the robbery and his arrest made it impossible for him to recall what he did or where he was at the time of the robbery. He did deny that he had robbed the store or had been with Soto.

During the rebuttal part of his closing argument, the prosecutor stated:

> Furthermore, he was convicted, as I said, [and] had nothing more to lose. It doesn't fit, your Honor. Finally, I would indicate that the defendant has testified that he doesn't recall where he was on the date in question but obviously he was somewhere other than the Little Red Store. And, I

would question the defendant's failure to present any corroborating testimony to that effect, of his whereabouts and his doings on the date in question.

A fundamental pillar of our legal system is that a person is presumed innocent until proven guilty. Accordingly, the prosecution may never shift its burden to prove that defendant is guilty beyond a reasonable doubt and obligate the defendant to prove his innocence. *People v Shannon,* 88 Mich App 138, 143; 276 NW2d 546 (1979).

> [I]t is the duty of the prosecution to show beyond a reasonable doubt that the defendant did commit the crime and that, therefore, the defendant was at the scene of the crime at the time it was committed. [*People v Erb,* 48 Mich App 622, 629-630; 211 NW2d 51 (1973).]

By pointing out defendant's failure to present corroborating testimony, the prosecution created a serious error because it attempted to shift the burden of proof onto defendant to prove he was not at the robbery site.

Due process does not require perfect trials, but it does mandate fair ones. *United States v Love,* 534 F2d 87 (CA 6, 1976).

> Minor irregularities in a trial usually do not amount to reversible error and due process is not violated, *unless* the weight of the irregularities makes the trial inconsistent "with the fundamental principles of liberty and justice which lie at the base of all of our civil and political institutions". *Hebert v Louisiana,* 272 US 312, 316; 47 S Ct 103, 104; 71 L Ed 270, 273; 48 ALR 1102, 1106 (1926). [*People v Grames,* 8 Mich App 375, 378; 154 NW2d 548 (1967), lv den 380 Mich 756 (1968). Emphasis added.]

In the present case, the record discloses errors at the trial level, the total weight of which caused the trial to cross the line from being merely an imperfect trial to a trial violative of due process and inconsistent with fairness. Although this Court may consider the fact that a trial court sitting without a jury is less likely to be prejudiced by the erroneous admission of improper evidence, *People v Fell,* 65 Mich App 543, 553; 237 NW2d 550 (1975), it must also ensure that the cumulation of errors does not preclude a fair trial. As a result, we are forced to vacate defendant's conviction and remand this case for a trial that is consistent with due process.

Given our disposition, we need not address defendant's allegations concerning ineffective assistance of counsel and errors in sentencing.

Reversed and remanded.