# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

REUBEN RAUL MARTINEZ, SR.,

        Defendant-Appellant.

UNPUBLISHED
January 19, 2016

No. 323903
Saginaw Circuit Court
LC No. 13-038695-FC

Before: RONAYNE KRAUSE, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Defendant was convicted by a jury of two counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(2)(b), and two counts of second-degree criminal sexual conduct (CSC II), MCL 750.520c(2)(b). He was sentenced to 25 to 40 years imprisonment for each CSC I conviction and to 12 to 20 years imprisonment for each CSC II conviction. Defendant appeals as of right. We affirm. The convictions involved the defendant sexually assaulting his granddaughter.

Defendant first argues that he was deprived of due process and a fair trial because the prosecutor impermissibly shifted the burden of proof during closing argument and failed to test certain evidence for DNA or fingerprints. We disagree.

Defendants are entitled to fair trials, but not necessarily to perfect ones. *People v Rosales*, 160 Mich App 304, 312; 408 NW2d 140 (1987). We review complaints that a defendant was denied a fair trial on case-by-case basis, and in so doing, we consider the entire context. *People v Cooper*, 309 Mich App 74, 88; 867 NW2d 452 (2015); *People v Schutte*, 240 Mich App 713, 721; 613 NW2d 370 (2000), abrogated on other grounds *Crawford v Washington*, 541 US 36, 64; 124 S Ct 1354; 158 L Ed 2d 177 (2004). The prosecutor may not imply at closing argument that the defendant is obligated to prove his innocence or present or contradict evidence. *Rosales*, 160 Mich App at 312; *People v Fyda*, 288 Mich App 446, 463-464; 793 NW2d 712 (2010). However, "[o]therwise improper prosecutorial conduct or remarks might not require reversal if they address issues raised by defense counsel." *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007).

Defendant complains of the prosecutor's remark that when the defense "choose[s] to do something, they are going to give you their best case. And when they gave you their best case, not one person, no one in the back, no one came forward, took that stand and told you this little

-1-

girl [the victim] lies all the time." Defendant claims that this comment impermissibly highlighted defendant's failure to present evidence. However, the prosecutor prefaced this remark by first stating that the defense had "zero obligation" to set forth proofs. The prosecutor then pointed out that the defense may *choose* to present evidence. Therefore, this remark is nothing more than a statement of the obvious and a fair commentary that the jury should not accept the defense theory that the victim was not credible. Additionally, the trial court properly instructed the jury that defendant is presumed innocent, that it is the prosecution's burden to prove guilt beyond a reasonable doubt, and that the defense does not have to prove anything. "Jurors are presumed to follow instructions, and instructions are presumed to cure most errors." *People v Petri*, 279 Mich App 407, 414; 760 NW2d 882 (2008) (citation omitted). We do not find that the prosecutor's remark affected the fairness of defendant's trial.

Regarding the evidence, due process simply does not require the prosecutor or the police to test evidence unless defendant can show "suppression of evidence, intentional misconduct, or bad faith." *People v Coy*, 258 Mich App 1, 21; 669 NW2d 831 (2003); see also *People v Miller (After Remand)*, 211 Mich App 30, 43; 535 NW2d 518 (1995). Likewise, "[n]either the prosecution nor the defense has an affirmative duty to search for evidence to aid the other's case." *People v Burwick*, 450 Mich 281, 289 n 10; 537 NW2d 813 (1995). Under some circumstances, the prosecution may be obligated to conduct testing in order to establish a foundation for admission. *People v Jordan*, 23 Mich App 375, 385-389; 178 NW2d 659 (1970). That is not the situation here. The prosecution is obligated to provide to defendant any known exculpatory evidence. *People v Greenfield*, 271 Mich App 442, 449 n 5; 722 NW2d 254 (2006). That also is not the situation here. We cannot find that defendant was denied due process, particularly because defendant does not contend that he was denied the ability to inspect the items or to have them tested himself.

Defendant next argues that the evidence was insufficient to sustain his convictions. We disagree. "In reviewing the sufficiency of the evidence in a criminal case, we must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt." *People v Hoffman*, 225 Mich App 103, 111; 570 NW2d 146 (1997). In reviewing a claim of insufficient evidence, all conflicts in the evidence must be resolved in favor of the prosecution. *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998); *People v Terry*, 224 Mich App 447, 452; 569 NW2d 641 (1997).

Defendant was convicted of CSC I pursuant to MCL 750.520b(1)(a), which prohibits "sexual penetration" of a "person . . . under 13 years of age." The victim was 12 years old at the time of trial, so there can be no serious doubt that she was "under 13 years of age." Defendant's two CSC I convictions were based, respectively, on an incident where the victim testified that defendant called her into his room and effectuated anal penetration, and an incident where he effectuated anal penetration while the victim was in a bed with her sister. "[T]he complainant's [victim's] testimony need not be corroborated to sustain a conviction . . ." *People v Phelps*, 288 Mich App 123, 134; 791 NW2d 732 (2010) (alteration added); MCL 750.520h. Further, this Court "will not substitute its judgment for that of the triers of the facts who heard the testimony of the witnesses and observed their demeanor." *People v Panknin*, 4 Mich App 19, 33; 143 NW2d 806 (1966). "Sexual penetration" is defined, in part, as " . . . anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or

anal openings of another person's body . . . " MCL 750.520a(r). The victim's testimony was sufficient to establish defendant's CSC I convictions beyond a reasonable doubt.

Defendant's CSC II convictions were pursuant to MCL 750.520c(1)(a), which prohibits "sexual contact" with a "person . . . under 13 years of age." Again, there is no dispute that the victim was under 13 years of age. "Sexual contact" is defined "as the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification . . . " MCL 750.520a(q). The victim testified about an incident when defendant placed his hand on her "front area" and "rubbed it back and forth," and an incident when defendant made her masturbate him. This testimony is more than adequate to generate a reasonable inference that defendant engaged in both acts for the purpose of sexual gratification, and defendant's argument to the effect that the case against him must be speculative because a medical examination of the victim found no evidence of injury is simply irrelevant. Defendant's doubt as to the victim's credibility is not a sufficient basis to undermine the jury's finding that the victim was credible. See *Lemmon*, 456 Mich at 643. The evidence was sufficient to support defendant's convictions.[1]

Defendant finally contends that he received ineffective assistance of counsel for a variety of alleged failures to investigate or call potential witnesses or to sufficiently cross-examine others. We disagree. In order to be entitled to a new trial based on the ineffective assistance of counsel, defendant must show that the defense counsel's performance fell below an objective standard of reasonableness, and that there is " 'a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.' " *People v Payne*, 285 Mich App 181, 188-189; 774 NW2d 714 (2009), quoting *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Defendant specifically argues that defense counsel should have investigated the potential testimony of the victim's father's girlfriend, of defendant's son, of defendant's roommates, and of the victim's father. Other than the victim's father, defendant simply does not explain what he believes the testimony of these people would have added. The record does not indicate what role defendant's son may have had in any of the circumstances or events. Although the victim initially disclosed the abuse to her father's girlfriend, defendant does not take exception to that or the circumstances surrounding that disclosure. Defendant contends that his roommates might have identified certain items in the house as belonging to themselves, but ownership of them is irrelevant in this context if someone else made use of them, and there is no dispute that the items were found in defendant's home. Without more of an explanation of how these witnesses might have helped defendant, we cannot find that their absence "deprive[d] the defendant of a

---

[1] Consequently, defense counsel cannot have been ineffective for failing to move for a directed verdict on the grounds of insufficient evidence. Such a motion would have been futile, and counsel is not ineffective for failing to make a futile motion. *People v Horn*, 279 Mich App 31, 39-40; 755 NW2d 212 (2008).

substantial defense." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012) (citation and internal quotation marks omitted).

According to the presentence investigation report (PSIR), the victim's father indicated that the victim "lies a lot and might be making this up because her grandfather [defendant] slapped her the day prior when he was watching her." However, the PSIR summarizes a police report made shortly after the initial report of the abuse; it remains unclear whether the victim's father would have testified accordingly. Defense counsel elicited from the victim herself testimony that she was frequently physically disciplined by defendant, and she "almost hated him" for that alone. Defense counsel also elicited from the victim testimony to the effect that she did not like her father's girlfriend very much and preferred to be with her mother, and in the aftermath of her reporting the abuse, she was now spending more time with her mother, which was what she wanted. The victim also testified that her "father would try to get us kids to tell a lie on [her] mother's boyfriend . . . to get him put away so that he would have us kids," which the victim refused to do. Because defense counsel successfully established from the victim some incentive to lie, and because the victim's testimony also established that her father may in fact have been motivated to lie and to manipulate the victim, we are simply unable to conclude that it was anything other than sound trial strategy to conclude that bringing the victim's father in as a witness could backfire. See *Russell*, 297 Mich App at 716. Certainly, defendant has not established that the outcome of trial might have been affected.

Defendant implies that counsel was ineffective based on the fact that his cross-examination of the victim's mother was brief. However, the prosecution's questioning of this witness was also brief and established only that she never observed the children watching her and the victim's father having intercourse through the bedroom door, and that she was not aware of defendant ever putting medication on the victim for a rash. Again, defendant offers this Court no explanation of how a more rigorous cross-examination would have helped the defense. As a result, defendant has not established that the brief cross-examination deprived him of a substantial defense. *Russell*, 297 Mich App at 716.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien

-4-