# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

FUTURA KRISHONNA WADE,

Defendant-Appellant.

UNPUBLISHED
December 29, 2016

No. 328298
Wayne Circuit Court
LC No. 14-010048-01-FC

Before: K. F. KELLY, P.J., and GLEICHER and SHAPIRO, JJ.

K. F. KELLY, P.J. (*dissenting*).

I respectfully dissent. Although the prosecutor's remarks may have inappropriately touched upon defendant's failure to testify, the jury instructions sufficiently protected defendant's right to a fair trial.

"The Fifth Amendment and Const 1963, art 1, § 17 provide that no person shall be compelled to be a witness against himself in a criminal trial." *People v Schollaert*, 194 Mich App 158, 164; 486 NW2d 312 (1992). Thus, a criminal defendant has "a right to remain silent at trial," *People v Balog*, 56 Mich App 624, 629; 224 NW2d 725 (1974), "and may elect to rely on the 'presumption of innocence.' " *People v Fields*, 450 Mich 94, 108; 538 NW2d 356 (1995) (footnote omitted). Because a defendant is presumed innocent until proven guilty, a prosecutor "may never shift its burden to prove that defendant is guilty beyond a reasonable doubt and obligate the defendant to prove his innocence." *People v Rosales*, 160 Mich App 304, 312; 408 NW2d 140 (1987). A criminal defendant's "neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect." MCL 600.2159. Consequently, "[a] prosecutor may not comment upon a defendant's failure to testify." *People v Perry*, 218 Mich App 520, 538; 554 NW2d 362 (1996), aff'd 460 Mich 55 (1999). Further, "[t]he prosecutor may not suggest in closing argument that defendant must prove something or present a reasonable explanation for damaging evidence as this argument tends to shift the burden of proof." *People v Foster*, 175 Mich App 311, 317; 437 NW2d 395 (1989), disapproved on other grounds by *Fields*, 450 Mich at 115 n 24.

In discussing defendant's claim of self-defense, the prosecutor noted that self-defense requires that a defendant honestly and reasonably believe that she is in imminent danger. He asked the jury to consider whether defendant actually harbored such a belief, given that she did not testify. This was improper. "[T]he appropriate response to an objection for an improper

remark by a prosecutor is the issuance of a curative instruction," *People v Mann*, 288 Mich App 114, 121-122; 792 NW2d 53 (2010) (footnote omitted), which generally is considered "sufficient to cure the prejudicial effect of most inappropriate prosecutorial statements." *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). Defendant raised her objection just after the court finished instructing the jury. Those instructions included the following:

> Now a person accused of a crime is presumed to be innocent. This means that you must start with the presumption that the defendant is innocent. Presumption continues throughout the trial and entitles the defendant to a verdict of not guilty unless you are satisfied beyond a reasonable doubt that he [sic] is guilty.

> * * *

> The defendant is not required to prove his [sic] innocence or to do anything. If you find that the prosecutor has not proven every element beyond a reasonable doubt, then you must find the defendant not guilty.

> * * *

> Every defendant has the absolute right not to testify. When you decide the case you must not consider the fact that he [sic] did not testify it must not affect your verdict in any way.

> * * *

> The defendant does not have to prove that she acted in self defense. Instead, the prosecutor must prove beyond a reasonable doubt that the defendant acted [sic] in self defense.

The court also gave the standard instruction that the lawyers' arguments are not evidence.

In objecting to the prosecutor's remark, defendant asked that the court give "a reminder to the jurors that . . . they're not to consider the fact that she [defendant] did not testify . . . ." While the court could have iterated its instructions, it had only moments before instructed the jury about defendant's presumption of innocence and her right not to testify. These instructions were sufficient to protect defendant's right to a fair trial, *Mann*, 288 Mich App at 122, and jurors are presumed to follow instructions unless the contrary is clearly shown. *People v McAlister*, 203 Mich App 495, 504; 513 NW2d 431 (1994). Therefore, the single isolated remark on defendant's failure to testify did not deprive defendant of a fair trial.

/s/ Kirsten Frank Kelly