*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GEORGE ALLEN HANSON,

Defendant-Appellant.

UNPUBLISHED
February 12, 2019

No. 340789
Cass Circuit Court
LC No. 16-010026-FC

Before: METER, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

Defendant, George Allen Hanson, appeals as of right his convictions of five counts of first-degree criminal sexual conduct. MCL 750.520b(1). We affirm defendant's convictions but vacate his sentences and remand for resentencing.

## I. BACKGROUND

This case concerns defendant's repeated sexual abuse of his stepdaughter while the victim lived in defendant's home. According to the victim, when she was nine years old, defendant began a pattern of conduct in which he began to tickle her, and then progressed to touching her vagina and engaging in digital-vaginal penetration. The victim further testified that, as she grew older, defendant's sexual assaults evolved and that defendant repeatedly engaged in acts of penile-vaginal penetration. The victim also testified that defendant made her watch a pornographic video with him and that he touched her sexually while they watched it. According to the victim, the sexual assaults did not end until she moved out of defendant's home at the age of 16.

At trial, a county sheriff's deputy testified that she interviewed both the victim and her mother and that she obtained a search warrant for defendant's home on the basis of what she learned from those interviews. The deputy testified that both the victim and her mother stated that defendant kept a VHS tape containing pornography in his home and described the location of the tape. The deputy testified that she found the tape where the victim and her mother stated that it would be found. The following exchange then occurred, without objection by defense counsel:

[*The Prosecutor*]:  So you interviewed [the victim] and [her mother]?

[*The Sheriff's Deputy*]:  Yes.

[*The Prosecutor*]:  And were they consistent?

[*The Sheriff's Deputy*]:  Yes.

The deputy then testified that, after the victim reported defendant's conduct to police, the victim telephoned defendant.  Unbeknownst to defendant, the deputy was recording the telephone call.  The trial court admitted the recording into evidence, without objection by defendant.  In the recording, defendant made several incriminating statements, essentially admitting that he sexually abused the victim.

As noted earlier, defendant was convicted of five counts of CSC-I.  Two of these counts were related to defendant's sexual conduct with the victim before her thirteenth birthday, MCL 750.520b(1)(a); the remaining three counts related to defendant's conduct with the victim after her thirteenth birthday, MCL 750.520b(1)(b).  The trial court sentenced defendant within his sentencing-guidelines range to a prison term of 25 to 40 years for each of his convictions under MCL 750.520(b)(1)(a) and a prison term of 10 to 20 years for each of the convictions under MCL 750.520b(1)(b).  The trial court ordered that the sentences under MCL 750.520b(1)(a) would be served consecutively to the sentences imposed under MCL 750.520b(1)(b).  This appeal followed.

## II. ANALYSIS

## A.  EFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that he was unconstitutionally deprived of the effective assistance of counsel when his trial counsel failed to object to the deputy's testimony that the interviews of the victim and her mother were "consistent."  Where, as here, a defendant fails to request a *Ginther*[1] hearing or move for a new trial in the matter, this Court's "review of this issue is limited to mistakes apparent on the appellate record." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

A defendant requesting reversal of an otherwise valid conviction bears the burden of establishing that "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000).  To prove the first prong, "[t]he defendant must overcome a strong presumption that counsel's assistance constituted sound trial strategy." *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994).  Counsel is not ineffective for failing to make a futile motion. *Sabin*, 242

---

[1] *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973).

Mich App at 660. Regarding the second prong, a defendant is prejudiced if there is a reasonable probability that, "but for defense counsel's errors, the result of the proceeding would have been different." *People v Heft*, 299 Mich App 69, 81; 829 NW2d 266 (2012).

Defendant argues that the deputy's testimony was inadmissible hearsay. According to defendant, the deputy's testimony improperly bolstered the victim's trial testimony with a prior consistent statement, thereby depriving him of a fair trial. Again, the challenged testimony occurred as follows:

> [*The Prosecutor*]: So you interviewed [the victim] and [her mother]?
>
> [*The Sheriff's Deputy*]: Yes.
>
> [*The Prosecutor*]: And were they consistent?
>
> [*The Sheriff's Deputy*]: Yes.

Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). See also *People v Chelmicki*, 305 Mich App 58, 62-63; 850 NW2d 612 (2014). Hearsay is generally inadmissible except as provided by the rules of evidence. MRE 802. See also *People v Duncan*, 494 Mich 713, 724; 835 NW2d 399 (2013). As a general rule, the prohibition against hearsay prevents the parties from bolstering a witness's testimony by referring to the witness's prior consistent statements. *People v Hallaway*, 389 Mich 265, 276; 205 NW2d 451 (1973); *People v Rosales*, 160 Mich App 304, 308; 408 NW2d 140 (1987).

Defendant argues that the deputy's testimony should be interpreted to mean that the statements made by the victim and her mother were consistent with their in-court testimony. We disagree. Taken in context, the deputy was testifying that the victim and her mother gave statements that were consistent with each other at the time she was investigating the case. Specifically, both the victim and her mother testified to the location of a pornographic video tape defendant kept in his home. The deputy testified that these consistent statements were the basis for her execution of a search warrant resulting in the seizure of the tape. The statements were not offered to prove the location of the tape or to show any consistency between the victim's trial testimony and her previous statements. Accordingly, because the statements were not offered to prove the truth of the matter asserted therein, they do not fall within the purview of MRE 802's prohibition against hearsay. See *People v Chambers*, 277 Mich App 1, 11; 742 NW2d 610 (2007) (holding that "a statement offered to show why police officers acted as they did is not hearsay"). Again, counsel is not ineffective for failing to make a futile motion. *Sabin*, 242 Mich App at 660. Therefore, because defendant had no valid hearsay objection to this testimony, his claim of ineffective assistance is without merit.

## B. CONSECUTIVE SENTENCING

Defendant next argues that the trial court erred when it imposed consecutive sentences for his CSC-I convictions. When a defendant is convicted of CSC-I, the trial court "may order a term of imprisonment . . . to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." MCL 750.520b(3). Here, the

prosecution concedes that, because none of defendant's convictions arose from the same transaction, the trial court did not have the authority to order consecutive sentences.

Although the parties agree that the consecutive sentences were erroneous, they disagree on the remedy. Defendant argues that this Court should vacate only that part of the trial court's order holding that the sentences were to run consecutively and order the trial court to amend the sentences to run concurrently. Plaintiff disagrees and argues that the proper remedy is resentencing.

Our jurisdiction has not applied a consistent remedy for consecutive-sentencing errors.[2] Under the circumstances of this case, however, we believe that the proper remedy is to vacate the trial court's sentences in their entirety and remand for resentencing. Here, the parties and the trial court all operated under the erroneous belief that the trial court had the authority to order consecutive sentencing. The prosecutor argued that defendant's conduct was so egregious that he had "earned" a consecutive sentence. The trial court imposed sentences within the guidelines range but granted the prosecution's request for consecutive sentencing, opining that "[w]hat [defendant] did to this young girl . . . is reprehensible when you look at the number of alleged assaults and over the time period." In essence, the parties and the trial court used consecutive sentencing as a tool to explore how the trial court should exercise its sentencing discretion. Because it is impossible to parse the trial court's discretionary decision regarding the length of defendant's sentence from its imposition of consecutive sentences, we conclude that the proper remedy is to remand this case for a full resentencing at which the trial court may exercise its sentencing discretion through the appropriate sentencing mechanisms.

## III. CONCLUSION

We affirm defendant's convictions but vacate the sentences for all five of his convictions and remand for resentencing on all of those convictions. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Thomas C. Cameron

---

[2] Compare *People v Cummings*, 498 Mich 895; 870 NW2d 66 (2015) (remanding for resentencing), and *People v Brown*, 495 Mich 962; 843 NW2d 743 (2014) (same), with *People v Porter*, 495 Mich 990; 845 NW2d 107 (2014) (ordering the trial court to amend the sentences to run concurrently). But see *People v Bailey*, 310 Mich App 703, 726; 873 NW2d 855 (2015) (limiting resentencing to the consecutive sentences).